UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHERYL MCCLENDON, ) | |
| ) | |
| Plaintiff, ) | Cause No. 1:23-CV-1933-JPH-MG |
| ) | |
| v. ) | |
| ) | |
| INDIANA MEMORIAL AND ) | |
| CREMATION SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

**MOTION TO FILE FIRST AMENDED COMPLAINT IN LIEU
OF RESPONDING TO MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Cheryl McClendon, by counsel, Christopher C. Myers, in response to the Court's Order of February 21, 2024, and pursuant to the Proposed Case Management Plan (DE 11), moves for leave to amend her Complaint in a manner consistent with the Proposed Case Management Plan (¶ II, B) to add claims of Equal Pay Act violations pursuant to 29 U.S.C. § 206(d), and to state tort claims under Indiana state law (intentional infliction of emotional distress, negligent infliction of emotional distress, and a claim for right to publicity/use of likeness pursuant to I.C. § 32-36-1-1 *et seq*.). Plaintiff's First Amended Complaint is attached hereto and made a part hereof as Exhibit "A".

Plaintiff's Motion to Amend should be granted and Plaintiff's First Amended Complaint should be deemed filed, because:

1. The First Amended Complaint makes moot Defendant's Motion for Summary Judgment, in that Plaintiff no longer relies upon Title VII of the Civil Rights Act of 1964 ("Title VII"), but rather, relies upon the Equal Pay Act, 29 U.S.C. § 206(d) regarding Plaintiff's equal pay claims, and she relies upon the torts of intentional

    infliction of emotional distress and negligent infliction of emotional distress as against Indiana Memorial & Cremation Service, Inc. (as the employer responsible for the actions of its owner and agent, Robert E. Lamon under the doctrine of *respondeat superior*).  Robert E. Lamon has also been named as a Defendant and is liable for his own actions.  Pursuant to the Proposed Case Management Plan, Plaintiff may join additional parties on or before March 27, 2024.  (DE 11 § 3, D.)

2. Based upon the representations of defense counsel that Defendant did not employ enough employees to be considered an "employer" for purposes of Title VII, Plaintiff concedes that there is no "Title VII" claim.  That notwithstanding, Plaintiff should be able to proceed in this Court, because the Equal Pay Act claim presents a federal question, giving this Court jurisdiction to entertain Plaintiff's claims of unequal pay as between men and women for equal work, and this Court has a right to hear Plaintiff's tort claims under the doctrine of supplemental jurisdiction.

WHEREFORE, Plaintiff prays that the Court will allow Plaintiff to file her First Amended Complaint, order that Defendant's Motion for Summary Judgment has been rendered moot, to allow time for Defendants time to answer and respond to Plaintiff's First Amended Complaint, and for all other just and proper relief in the premises.

          Respectfully submitted,

          **MYERS & WALLACE, LLP**

          /s/ Christopher C. Myers
          Christopher C. Myers, #10043-02
          809 South Calhoun Street, Suite 400
          Fort Wayne, IN 46802
          E-Mail: cmyers@myers-law.com
          Counsel for Plaintiff

## CERTIFICATE OF SERVICE

  The undersigned hereby swears and affirms under penalties of perjury that the above document was served via the electronic case filing system on March 5, 2024, to all parties of record.

          /s/ Christopher C. Myers